UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE #1, *et al.*

Plaintiffs,

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES, *et al.*

Defendants.

Civil Action No. 20-1558

Chief Judge Beryl A. Howell

**MEMORANDUM AND ORDER**

Two of the seven plaintiffs in this case wish to proceed under pseudonym, Pls.'s Mot. and Mem. of Points and Auths. Supp. Mot. Filed by Pls. John Doe #1 and John Doe #2 to Proceed under Pseudonym ("Pls.'s Mot."), ECF No. 7, in their instant lawsuit alleging that they suffered "shocking and outrageous acts of sexual abuse and sexual harassment" at the hands of defendants, Compl. ¶ 1, ECF No. 1. For the reasons set forth below, the motion is granted in part and denied in part, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

**I.   BACKGROUND**

Plaintiffs, who seek to proceed under the pseudonyms John Doe #1 and John Doe #2, were each employed as limousine drivers for defendant Jeffery David Cox, Sr., ex-president of the American Federation of Government Employees (AFGE), "the nation's largest federal employee union." Compl. ¶¶ 11–12, 19. Both allege that, during their employment, Defendant Cox sexually harassed and abused them. John Doe #1 alleges that, beginning in

---

[1] Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint." LCvR 40.7(f).

1

2010, Cox "repeatedly . . . told [him] that if [he] did not allow Cox to perform fellatio on [him] in the limo, . . . Cox would cancel Defendant AFGE's contract with" John Doe #1's employer, "and tell all his union leader friends to do the same." *Id.* ¶ 279. With his livelihood under threat, John Doe #1 acquiesced. He asserts that the stress caused by these assaults contributed to his kidney failure. *Id.* ¶ 305. Eventually, in February 2018, John Doe #1 left his job for another limousine service and the alleged abuse ceased. *Id.* ¶ 315. When, not long after, he returned to his former employer, now under new management, his request not to be assigned as Cox's driver was honored, though, according to John Doe #1, Cox continued to call him on his personal cell phone, "harassing him and demanding that he drive for [Cox] 'off the books.'" *Id.* ¶¶ 315–20. John Doe #1 never did.

For his part, John Doe #2 alleges that from the time he started driving Defendant Cox in February 2018, until October 2019, Cox made lewd comments, inappropriately touched and kissed him, and, on one occasion, exposed himself. *Id.* ¶¶ 409, 412, 428, 436, 447. In particular, John Doe #2 asserts that Cox often inquired into his sex life and would talk loudly about sex around John Doe #2 in public. *Id.* ¶¶ 412, 421. Other times, Cox would tell John Doe #2 "You look cute and sexy" or "I like you," which embarrassed or made John Doe #2 feel uncomfortable. *Id.* ¶¶ 425, 428. Cox allegedly kissed John Doe #2 on the cheek and on several occasions touched John Doe #2 on his shoulder while discussing sex. *Id.* ¶¶ 428, 455. According to John Doe #2, Cox once asked him to fix his shower chair, and after he was finished, Cox entered the bathroom naked and asked that John Doe #2 place the chair inside his shower for him. *Id.* ¶ 435. Cox's interactions with John Doe #2 ceased in October 2019, when Cox left AFGE. *Id.* ¶ 459

John Doe #1 and John Doe #2, along with five other plaintiffs who allege racial and sexual harassment, have now sued defendant Cox, the AFGE, and the members of its governing body under various statutes, including the District of Columbia Human Rights Act, D.C. CODE §§ 2-1401.01, *et seq*, and the Labor Management Reporting and Disclosure Act, 29 U.S.C. §§ 401 *et seq*, requesting, *inter alia*, damages for their pain and suffering.  Compl. at 84.

## II.   LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  Accordingly, "parties to a lawsuit must typically openly identify themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the defendants' accusers who wish to participate . . . as individual party plaintiffs must do so under their real names."  *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

Nevertheless, courts have, in special circumstances, permitted a party to proceed anonymously. The D.C. Circuit has instructed that "the appropriate way to determine whether a litigant may proceed anonymously is to balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at 96. When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

### III.     DISCUSSION

At this early stage in the litigation, this Court is persuaded that John Doe #1 has met his burden of showing that his privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in John Doe #1's identity is *de minimis* compared to his significant privacy interests.

John Doe #1 clearly seeks to "preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97, because the complaint describes, in "jarring detail," the nearly decade-long sexual abuse he allegedly suffered.  Pls.'s Mot. at 1. Pl.'s Mem. at 4.  The risk that such information will be aired in public often justifies the use of a pseudonym in cases involving sexual assault.  *See, e.g., Doe v. De Amigos, LLC*, No. 11-cv-1755 (ABJ), 2012 WL 13047579, at *2 (D.D.C. Apr. 30, 2012) (permitting the use of a pseudonym for a plaintiff alleging sexual assault out of concern that "graphic material about the assault . . . including details of the sexual assault, plaintiff's genital anatomy, hospital examinations . . . and consequent psychiatric treatment" would be discussed).  Importantly, John Doe #1 asserts that stress associated with revealing the most private details of the alleged rape would threaten to undo the "psychological treatment that [he] is currently undergoing." Pls.'s Mot. at 1.

As to the nonmoving party's interests, this is an action against a private party giving rise to a greater risk of unfairness than in cases involving governmental defendants.  That risk of unfairness, however, is undercut by the fact that "John Doe #1's identity is already known to most of the named defendants and will be shared with all defendants upon request."  Pls.'s Mot. at 3.  Allowing John Doe #1 to proceed under pseudonym will not hamper the defendants' ability to defend against his allegations and any public interest in disclosing the

5

identity of the plaintiff is outweighed by the "sensitive and highly personal nature" of the alleged circumstances underlying the plaintiff's complaint. *In re Sealed Case*, 931 F.3d at 97.[2]

In sum, weighed against the minimal apparent interest in disclosure, John Doe #1's significant interest in maintaining his anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings.

John Doe #2, however, has not met his burden to establish the necessity of anonymity. While his allegations are no doubt serious, they are different in kind from John Doe #1's. The complaint alleges that John Doe #2 suffered through inappropriate touching and remarks and was forced to witness Defendant Cox expose himself. Although these experiences are "sensitive" and "personal," they do not involve the kind of serious sexual assault courts typically find warrants pseudonymous filings. *De Amigos, LLC*, 2012 WL 13047579 at *2 (noting that the complaint contained "graphic material about the assault"); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) ("The plaintiff's allegations include graphic details . . . including multiple references to the plaintiff's genitalia and her hospital examination resulting from the alleged assault and battery."). John Doe #2's assertion that "[d]isclosure of [his] identit[y] would harm [him] professionally and possibly impair [his] ability to earn a living," moreover, is unsubstantiated. Pls.'s Mot. at 2. He does not attempt to explain how revealing these details publicly would threaten his continued employment as a limousine driver. *Id*. John Doe #2 also points to the fact that "in the Internet age," *id*., any details of his complaint

---

[2] The Court is cognizant of the fact that a risk of unfairness attends letting these serious allegations, which are as yet unproven, attach to Defendant Cox's name while the John Doe #1 is permitted to remain anonymous. The defendant has tools available, however, to protect his own privacy interests. *See, e.g., Roe v. Doe*, No. 18-cv-666 (CKK), 2019 WL 1778053, at *3–4 (D.D.C. Apr. 23, 2019) (granting a defendant's motion to proceed under pseudonym in a case involving sexual assault and sealing all proceedings prior to that order to preserve the defendant's privacy).

would be available indefinitely and permanently associated with his name, but this argument fares no better.  The publication of John Doe #2's allegations, potentially in perpetuity, does not change the fact that they do not claim the kind of sexual assault that usually justifies "the 'rare dispensation' of anonymity." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym is **GRANTED** with respect to John Doe #1 and **DENIED** with respect to John Doe #2, subject to any further consideration by the United States District Judge to whom this case is randomly assigned; it is further

**ORDERED** that the plaintiffs are **DIRECTED**, by June 26, 2020, to file an amended complaint with John Doe #2's true name or without him being named as a plaintiff; it is further

**ORDERED** that if plaintiffs have not filed an amended complaint by June 26, 2020, the complaint shall be **STRUCK**; and it is further

**ORDERED** that defendants are prohibited from publicly disclosing John Doe #1's identity or any personal identifying information that could lead to the identification of John Doe #1 by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: June 19, 2020

_____
BERYL A. HOWELL
Chief Judge