UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE #1 et al.,

        Plaintiffs

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
(AFGE) et al.

        Defendants

JURY DEMAND
Civil Action No. 20-1558 (JDB)
Judge John D. Bates

---

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DISQUALIFY BREDHOFF AND KAISER AS COUNSEL FOR THIRTEEN NAMED DEFENDANTS AND MOTION TO STRIKE DEFENDANTS' NOVEMBER 23, 2020 MOTION TO DISMISS FILED BY BREDHOFF AND KAISER**

"A motion to disqualify counsel is the appropriate remedy for dual representation and the onset of the litigation the proper time for its presentation." *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hoffa,* 242 F. Supp. 246, 256–57 (D.D.C 1965) Bredhoff and Kaiser ("Bredhoff") represents Defendant AFGE and 13 named individual defendants in this lawsuit. After meeting and conferring with counsel for the 13 named defendants without success, Plaintiff Annette Wells and the other plaintiffs, by and through undersigned counsel, ask the Court to:

1. disqualify Bredhoff and Kaiser ("Bredhoff") from representing the 13 named individual defendants;

2. order the 13 named defendants currently represented by Bredhoff to retain their own legal counsel at their own expense;

3. order AFGE not to pay the legal fees and costs incurred by the 13 named defendants in defending this litigation;

4. strike the November 23, 2020 motion to dismiss filed by Bredhoff;

5. order Defendant AFGE and each of the 13 named individual defendants to file their separate responses to Plaintiffs' second amended complaint not later than 14 days after entry of the Court's Order; and

6. order Bredhoff and Kaiser to pay Plaintiffs' attorneys' fees and costs incurred in preparing this motion.

## PLAINTIFFS HAVE FULFILLED THEIR DUTY TO CONFER

Bredhoff attorney Devki Virk entered an appearance as counsel for both AFGE and 13 of the 14 named defendants (excluding former AFGE National President J. David Cox) on July 8, 2020. [Doc. 20]

Plaintiff Annette Wells filed a motion for leave under Section 501 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") to file a second amended complaint containing claims against certain named AFGE officers and executives in their personal and official capacities for violating their fiduciary duty on September 18, 2020. [Doc. 31].

Bredhoff and Kaiser filed an opposition to Plaintiff Wells' ex parte motion on behalf of AFGE and 13 of the named Defendants on October 2, 2020. [Doc. 35 ]

On October 23, 2020, this Court issued a Memorandum Opinion and Order granting Plaintiff Wells' ex parte motion for leave to file a second amended complaint containing claims under Section 501 of the LMRDA on behalf of AFGE, herself and other AFGE members against 14 individually named defendants in their personal and official capacities. [Doc. 42]

Through counsel, Plaintiff Wells sent a November 6, 2020 email to Defendants' counsel reminding AFGE and its counsel of the Court's October 23, 2020, Order granting her ex parte motion. Undersigned counsel noted in the email that Bredhoff had not filed a notice withdrawing its representation of the13 named defendants and requested that it do so. In the email, undersigned counsel informed AFGE and Bredhoff that if Bredhoff did not withdraw its representation of the 13 named defendants, Plaintiffs would file a motion asking the Court to disqualify Bredhoff from representing the named defendants and asking the Court for an Order directing AFGE not to pay the 13 named defendants' legal fees and costs in this lawsuit. *(Exh. 1: Email from Kemi Morten to Devki Virk, dated November 6, 2020).*

After hearing nothing from opposing counsel, on November 9, 2020, Plaintiff's counsel sent a second email asking Bredhoff to file a notice withdrawing as counsel for the 13 named defendants. *(Exh. 2: Email from Kemi Morten to Devki Virk, dated November 9, 2020)*

The next day, November 10, 2020, Defendants' counsel responded by explaining that she was not familiar with the case law that required Bredhoff to disqualify itself as counsel for the 13 named defendants. Defendants' counsel asked Plaintiff's counsel to provide her with the case law. *(Exh. 3: Email from Devki Virk to Kemi Morten, dated November 10, 2020)*

Wishing to resolve the dispute without the need for intervention by the Court, Plaintiffs' counsel sent an email containing the case citations as requested, including, among others, *Milone v. English* 306 F.2d 814, 817 (D.C. Cir. 1962). The cases hold that the treasury of a union is not at the disposal of its officers to bear the cost of their defense against charges of depriving the members of their rights as union members and require the 13 named defendants to pay their own legal fees and costs associated with defending this lawsuit. *(Exh. 4: Email from Kemi Morten to Devki Virk, dated November 11, 2020)*

The following day, AFGE member Stephanie Graf,[1] on behalf of herself, AFGE, Plaintiff Annette Wells and other AFGE members, emailed a November 12, 2020 letter to all members of the AFGE governing board asking them to pass a resolution prohibiting AFGE from paying the legal costs of defending the named defendants in Case 20-1558 and requiring each named defendant to pay their own attorneys' fees and costs. Ms. Graf demanded that AFGE require each named defendant in Case 20-1558 to refund all monies paid to date by AFGE and its members their defense. *(Exh. 5: Letter from AFGE member Stephanie Graf to all NEC members, dated November 12, 2020)* Ms. Graf emailed her letter to the NEC eleven (11) days *before* Bredhoff filed the November 23, 2020, motion to dismiss in Case 20-1558 on behalf of AFGE and the 13 named defendants. To date, no NEC member has responded to Ms. Graf's letter.

However, a day after Ms. Graf emailed her letter to the NEC members, on November 13, 2020, Defendants' counsel responded to Plaintiff's counsel's November 11, 2020 email, stating that AFGE did "not believe that [Bredhoff's] withdrawal is warranted or that AFGE is prohibited from funding the defense of the 13 individuals whom we represent." Defendants' counsel further stated that AFGE and the named defendants planned to file a motion to dismiss "directed at the Second Amended Complaint in ten days, which will place before the Court the viability of the Section 501 claims." *(Exh. 6: Email from Devki Virk to Kemi Morten, dated November 13, 2020).*

---

[1] The Court may recall that Ms. Graf joined Plaintiff Annette Wells and AFGE member Judith Weinberg in filing a February 13, 2020 request for an accounting with the AFGE NEC and other charges on which Plaintiff Wells based her ex parte motion filed in this case. To date, the NEC has not acted on those charges or provided the requested accounting.

4

On November 23, 2020, Bredhoff filed a motion to dismiss all of the claims set out in Plaintiffs' second amended complaint (except for Plaintiff Jocelynn Johnson's 42 U.S.C. §1981 claim against AFGE). Bredhoff filed the dispositive motion on behalf of AFGE, David Borer, Eric Bunn, Vincent Castellano, Brian Dewyngaert, Danny Doyle, Cheryl Eliano, Joseph Flynn, Phil Glover, Gony Goldberg, Everett Kelley, George McCubbin, Arnold Scott, and Gerald Swanke. [Doc 46]

Plaintiffs' counsel sent a November 25, 2020 email to opposing counsel requesting to meet and confer by telephone regarding Plaintiffs' intent to move to disqualify Bredhoff as counsel for the 13 named defendants and to strike the motion to dismiss filed by Bredhoff on their behalf. Plaintiffs' counsel gave opposing counsel a short window of time to respond because Plaintiffs' counsel had previously informed Defendants' counsel of her intentions in previous emails. In the November 25th email Plaintiffs' counsel asked Defendants' counsel to advise whether AFGE or the 13 named defendants consented or objected to the motion. To date, opposing counsel has not responded.

## DISCUSSION

"As a matter of general common law in this jurisdiction, the 'funds of a union are not available to defend officers charged with wrongdoing which, if the charges were true, would be seriously detrimental to the union and its membership, and the same broad principle flows from the Act. Simultaneous representation of the organization and an individual defendant charged with unauthorized disbursement of its funds would not only to that extent provide assistance of a forbidden type but would produce other detrimental consequences as well.'" *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hoffa,* 242 F. Supp. 246, 255–56 (D.D.C 1965).

5

The seconded amended complaint filed by Plaintiff Wells and the other Plaintiffs in this case charges 14 current and former individual officer defendants with conduct which was seriously detrimental to the interests of AFGE and to the rights of its members. "And in deciding whether or not union funds may be used to defend such a suit the final outcome of the charges is not determinative; for if the charges have substance a sound resolution may be prevented by the very fact of dual representation during the process leading to a decision with respect to the charges. Different counsel would be required in this process. In other words, counsel who are chosen by and represent officers charged with the misconduct, and who also represent the union, are not able to guide the litigation in the best interest of the union because of the conflict in counsel's loyalties. In such a situation it would be incumbent upon counsel not to represent both the union and the officers." *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hoffa,* 242 F. Supp. 246, 255–56 (D.D.C 1965)

> "This Court has similarly forbidden the representation by organization counsel of defendant officers charged with delinquencies in their capacity as such. Again, analogizing the stockholders' derivative action, *Murphy v. Washington American League Base Ball Club* established for this circuit the proposition that the corporation and an individual defendant cannot be represented by the same counsel, a conclusion reached elsewhere as well. Where, as here, union officials are charged with breach of fiduciary duty, the organization is entitled to an evaluation and representation of its institutional interests by independent counsel, unencumbered by potentially conflicting obligations to any defendant officer.
>
> "The fact, pointed to by the International, that in *Milone*[2] the charges were of fraudulent diversion whereas here they are not, does not remove this case from the mainstream of judicial opinion. As was stated in Murphy,
>
> 'True, the complaint in the instant case charges 'misconduct' and 'improper and wrongful acts,' rather than fraud or criminality. But we think the principle of the *Milone* decision may be found to apply here, requiring that the corporation and the individual defendants be separately represented.

---

[2] *Milone v. English*, 306 F.2d 814, 817 (D. D. Cir. 1962)

"And, as *Milone* admonishes, 'if the charges have substance a sound resolution may be prevented by the very fact of dual representation during the process leading to a decision with respect to the charges.' Nor is the International's contention that the similarity of the defenses offered by the organization and the individual defendants eliminates possible conflict of interest persuasive to any greater degree. Potential, no less than actual, conflict disqualifies counsel from serving in a double capacity, and the potentiality of conflict is clearly present here. Counsel representing an individual defendant must not only bend every effort to demonstrate that he did not violate his fiduciary obligations but must also assert any and all legitimate claims that, notwithstanding any violation adjudged, the organization is barred from attaching responsibility to him. But if— despite the constitutional amendment and other defensive events— breach of duty be found, counsel representing the International will be equally bound to seek from him restoration of the funds expended. In that event the interests of the International and the officer would become seriously adverse, and the responsibilities of counsel irreconcilably conflicting, and, however forthright and objective counsel serving both may endeavor to be, the duality of the role would be untenable. *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hoffa,* 242 F. Supp. 246, 255–56 (D.D.C 1965)

**1. Bredhoff May Not Represent Both AFGE And The 13 Named Defendants**

Plaintiffs' second amended complaint, brought in part under Section 501 of the LMRDA, charges 14 individual named defendants with breaching their fiduciary trust. Bredhoff has entered dual representation appearances in this case for 13 of the 14 named individual defendants *and* the Union. The defendant union contends that Bredhoff is entitled to represent both the union and the defendant officers, at least preliminarily, for the purpose of filing the motion to dismiss Plaintiffs' second amended complaint, including the charges of wrongdoing against the officers. AFGE, through Bredhoff, apparently contends that its dual representation of the union and officer defendants in filing the November 23rd motion to dismiss Plaintiffs' second amended complaint is permitted, presumably relying on *Yablonski v. United Mine Workers of Am.,* 454 F.2d 1036, 1041 (D.C. Cir. 1971). There, the court permitted a six-month period in which counsel filed answers on behalf of the union and the individual defendants and filed interrogatories to delineate the issues of the case. This Circuit subsequently rejected that approach.

> "But this Court does not interpret *Yablonski* so broadly as to mean that counsel is entitled to represent the union and defendant officers jointly in this suit until such indefinite time as may be necessary to determine whether there is any substance to the charges of wrongful conduct lodged against the union officers. Rather, the Court reads the opinion as permitting dual representation in the initial stages of the suit for strictly limited purpose of ascertaining whether the complaint does, in fact, charge union officers with breach of fiduciary trust or other wrongdoing which puts their interests directly in conflict with those of the union. *Vestal v. Hoffa*, No. 1237-71, 1972 WL 864, at *4–6 (D.D.C. July 11, 1972).

Plaintiff Annette Wells and the other plaintiffs served this lawsuit on Defendant AFGE and the named Defendants in June 2020. Bredhoff has represented both the union and the individual defendants since that time -- for a period of five months. In that time, Bredhoff requested and obtained an extension of time to file a motion to dismiss the first amended complaint; filed a motion to dismiss the first amended complaint and filed an opposition to Plaintiff Wells' ex parte motion for leave to file a second amended complaint and sue the named defendants in their personal and official capacities for violating their fiduciary duties.

*Yablonksi* is particularly inapplicable here because this Court has already ruled that the 13 named defendants may be sued in the official and personal capacities by granting Plaintiff Wells' ex parte motion. Thus, it is now clear that there is a potential conflict between the interests of the Union and those of its 14 individual named defendant officers and staff.

> "Where, as here, union officials are charged with breach of fiduciary duty, the organization is entitled to an evaluation and representation of its institutional interests by independent counsel, unencumbered by potentially conflicting obligations to any defendant officer. The potential for a conflict exist[s] because of the possibility that in defending [AFGE's] interests, counsel might have had to assert positions antagonistic to those dutifully urged or to be urged in defense of the individual officers. Conversely, counsel might have been deterred from aggressively representing the interests of [AFGE] and its members because of a lingering allegiance to these officers. The latter obstacle would have directly frustrated a primary purpose of the LMRDA to insure that labor unions be guided by the highest standards of ethical conduct. *Weaver v. United Mine Workers of Am.,* 492 F.2d 580, 583–84 (D.C. Cir. 1973).

> "The complaint levels grave charges which, if true, would be seriously detrimental to the union and its membership. While it is conceded that separate counsel is not required

where a suit appears groundless, the instant action does not appear frivolous on its face. And, as recognized by the Court of Appeals in *Milone*…determining the substance of the complaint may prove difficult where the same counsel represent both the union and the officers. *Milone, supra,* 306 F. 2d at 817 n. 2." *Vestal v. Hoffa*, No. 1237-71, 1972 WL 864, at *4–6 (D.D.C. July 11, 1972)

Therefore, the proper course of action for Bredhoff is to step aside as counsel for the 13 individual defendants. Since Bredhoff refuses to withdraw, Plaintiffs ask the Court to order its disqualification.

2. **AFGE Should Not Be Permitted To Pay The Named Defendants' Legal Expenses**

The second issue presented is whether AFGE and its members should pay the costs of defending the 13 named individual defendants in this action. As this Circuit has previously ruled, we believe they should not. In advance of a determination on the merits of the allegations contained in Plaintiffs' second amended complaint, the Court should prohibit AFGE from providing any financial support to the 13 named individual defendants for their individual defense.

> "[I]n *Morrissey v. Segal,* 526 F.2d 121, 127 (2d Cir.1975), the Second Circuit held that union funds could not be used to defray the litigation expenses of union trustees who were found to have been negligent, but could be used to defray the expenses of union trustees who were found to have acted in good faith. This rule is also followed in analogous cases involving trusts and trustees, see 3 Scott, The Law of Trusts, § 188.4, at 1535, § 245, at 2155, (3d ed.1967), and corporations and their officers and directors, see Model Business Corporation Act §§ 5(a), 5(b) (permitting indemnification in civil matters if the officer or director acted "in good faith and in a manner reasonably believed to be in or not opposed to the best interests of the corporation").

> "While it is clear who must ultimately bear these costs, this motion requires this Court to decide who must advance the funds during the pendency of this lawsuit. If the Officer Defendants pay the fees for their counsel, they can seek reimbursement only if they successfully exonerate themselves from liability. If instead the Locals pay for the defense of the Officer Defendants and the Government prevails on the merits, then the Locals must seek reimbursement from the Officer Defendants. In suits brought under section 501(b) of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 501, alleging misconduct by union officials, **courts have held that individual defendants must initially finance the costs of their own defense and can seek reimbursement only if successful.** See *Morrissey v. Segal,* 526 F.2d at 127 ("[U]nion

officials charged with breach of fiduciary duties were properly **enjoined from expending union funds for their personal defense prior to a full determination on the merits**.") (collecting cases); *see also McNamara v. Johnston,* 522 F.2d 1157, 1167 (7th Cir.1975) **("[U]nion officials charged as defendants ... should retain independent counsel and bear the financial burden of their defense**."), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *Milone v. English,* 306 F.2d at 817 ("As a general proposition we think funds of a union are not available to defend officers charged with wrongdoing which, if the charges were true, would be seriously detrimental to the union and its membership.") (collecting cases).; *see also McNamara v. Johnston,* 522 F.2d 1157, 1167 (7th Cir.1975) **("[U]nion officials charged as defendants ... should retain independent counsel and bear the financial burden of their defense**."), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1506, 47 L.Ed.2d 761 (1976); *Milone v. English,* 306 F.2d at 817 ("As a general proposition we think funds of a union are not available to defend officers charged with wrongdoing which, if the charges were true, would be seriously detrimental to the union and its membership.") (collecting cases). *United States v. Local 1804-1, Int'l Longshoremen's Ass'n, AFL-CIO*, 732 F. Supp. 434, 435–37 (S.D.N.Y. 1990) *[Emphasis added]*

If AFGE opposes the Plaintiffs' second amended complaint, it cannot assist the individual defendants, for that would conflict with the policies of the LMRDA. *International Brotherhood of Teamsters v. Hoffa*, 242 F.Supp. at 253; Note, "Counsel Fees", 73 Yale L.J. 443. AFGE must restrict any activity as a defendant to a protection of the institutional interest of the union. *Yablonski v. UMWA*, 147 U.S.App.D.C. 193, 454 F.2d 1036 (1971); *International Brotherhood of Teamsters v. Hoffa*, 242 F.Supp. at 253; Note, "The Fiduciary Duty Under Section 501 of the LMRDA", 75 Col.L.R. 1189, 1196-97 (1975). Plaintiff Wells does not dispute that if the individual officers did not engage in any wrongdoing, the union can compensate them for the costs of their defense. On the other hand, if Plaintiffs succeed in proving misconduct by the individual officers, it is well settled that those defendants cannot seek reimbursement from the union.

3. **The Court Should Rule On Plaintiffs' Disqualification Motion Before Requiring Plaintiffs To Respond To Defendants' November 23, 2020 Dispositive Motion**

If the Court grants the motion to disqualify Bredhoff, the Court should strike the November 23, 2020 motion to dismiss filed by Bredhoff on behalf of Defendant AFGE and the

13 named defendants. The Court should order Defendant AFGE and each of the 13 named defendants to file separate responses to Plaintiffs' second amended complaint not later than 14 days after the date of the Court's Order. "As the Sixth Circuit recently held in a similar case, "[a] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely." *Bowers v. Ophthalmology Grp.,* 733 F.3d 647, 654 (6th Cir.2013). The *Bowers* court emphasized that conflicts of interest are particularly problematic at the summary judgment stage, making it "especially important" to prioritize ruling on a disqualification motion before deciding a Rule 56 motion. *Id.* For example, "if counsel has a conflict from previously representing the party seeking disqualification ... there is a risk that confidential information could be used in preparing or defending the motion for summary judgment...." *Id.* Resolving asserted conflicts before deciding substantive motions assures that no conflict taints the proceeding, impairs the public's confidence, or infects any substantive motion prepared by or under the auspices of conflicted counsel." *Grimes v. D.C.,* 794 F.3d 83, 90–91 (D.C. Cir. 2015). Surely, this argument is equally compelling at the motion to dismiss phase. In a footnote, the *Grimes* Court added:

> "The structural importance of counsel's avoidance of conflicts of interest and any appearance of such conflicts, and the high respect due to binding requirements of professional responsibility, support the *Bowers* approach. Once a party moves to disqualify an adverse party's counsel, the district court may not entertain a dispositive motion filed by the very counsel alleged to be conflicted until the court has first determined whether that counsel is disqualified." *(Ibid.)*

## CONCLUSION

For all of the foregoing reasons, Plaintiff Wells and the other plaintiffs request that the Court disqualify Bredhoff from representing both the 13 named individual defendants and Defendant AFGE in this lawsuit; that the Court order the 13 named defendants currently

represented by Bredhoff to retain their own legal counsel at their own expense; that the Court order that AFGE shall not pay the legal fees and costs incurred by the 13 named defendants in defending this lawsuit; that the November 23, 2020 motion to dismiss filed by Bredhoff is hereby stricken; that the Court order AFGE and each of the 13 named defendants to file their separate responses to Plaintiffs' second amended complaint not later than 14 days after the date of the Court's Order. Additionally, Plaintiffs ask the Court to order Bredhoff to pay Plaintiffs' attorneys' fees and costs incurred in preparing this motion.

                                                Respectfully submitted,

                                       _____/s/_____
                                       Marlene Morten
                                       D. C. Bar 272575
                                       3825 South Capitol Street, S.W.
                                       Washington, D. C. 20032
                                       202-379-4806

                                       /s/ Donna Clancy
                                       Donna Clancy, Esq.
                                       Admitted *pro hac vice*
                                       40 Wall Street
                                       New York, NY
                                       212-747-1744

                                       Counsel for Plaintiffs

DATE: November 25, 2020

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE #1 et al.,

    Plaintiffs

v.

AMERICAN FEDERATION OF
GOVERNMENT EMPLOYEES
(AFGE) et al.

    Defendants

JURY DEMAND
Civil Action No. 20-1558 (JDB)
Judge John D. Bates

---

**PROPOSED ORDER**

The Court hereby orders that Bredhoff and Kaiser ("Bredhoff") are disqualified from representing the 13 named individual defendants and AFGE in this lawsuit. The 13 named defendants currently represented by Bredhoff are ordered to retain their own legal counsel at their own expense. AFGE and its members shall not pay the legal fees and costs incurred by the 13 named defendants in defending this lawsuit.

The November 23, 2020 motion to dismiss filed by Bredhoff on behalf of the 13 named defendants is hereby stricken. AFGE and the 13 named defendants are ordered to file their individual responses to Plaintiffs' second amended complaint not later than 14 days after the date of this Order. Bredhoff and Kaiser is ordered to pay Plaintiffs' attorneys' fees and costs incurred in preparing this motion.

                                                   _____
                                                   Judge John D. Bates

DATE: _____