# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #1, et al.,<br><br>     Plaintiffs,<br><br>       v.<br><br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES, et al.,<br><br>     Defendants. | Civil Action No. 20-1558 (JDB) |

## MEMORANDUM OPINION

Before the Court is defendant Jeffrey David Cox's second motion to dismiss plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(5) due to allegedly insufficient service of process. The "[m]otion is directed to the First Amended Complaint, and by implication necessarily the Third Amended Complaint." Def. J. David Cox's Mem. in Supp. of His FRCP 12 Mot. to Dismiss Pls.' Third Am. Compl. & All Prior Compls. ("Mem. in Supp. of Cox's Second Mot. to Dismiss") [ECF No. 66-1] at 1. Because Cox received sufficient service of the third amended complaint through CM/ECF, and because this Court has already concluded that "service of the first amended complaint . . . was adequate," Mem. Op. [ECF No. 60] at 66, the Court will deny the portion of Cox's latest motion to dismiss that alleges insufficient service.[1]

---

[1] Cox also dedicates a portion of his second motion to dismiss to joining the American Federation of Government Employees' motion to strike the third amended complaint. Mem. in Supp. of Cox's Second Mot. to Dismiss at 6–7. The Court will review that motion separately and does not decide its arguments here.

## Background

Plaintiffs sued Cox, the American Federation of Government Employees ("AFGE"), and high-level AFGE staff members on June 13, 2020.  Compl. [ECF No. 1].  Plaintiffs filed the first amended complaint against these defendants on June 26, 2020.  Am. Compl., June 26, 2020 [ECF No. 11].  After several failed attempts, plaintiffs finally served Cox on October 1, 2020,[2] slightly after Federal Rule of Civil Procedure 4(m)'s 90-day deadline for achieving service had passed.  Mem. Op. at 63–64.  Cox's attorneys filed notices of appearances on Cox's behalf on October 20 and October 22, 2020.  Appearance of Counsel, Oct. 22, 2020 [ECF No. 41]; Appearance of Counsel, Oct. 20, 2020 [ECF No. 38].  This Court subsequently granted plaintiffs leave to file a second amended complaint on October 23, 2020.  Mem. Op. & Order [ECF No. 42] at 9.  On November 23, 2020, Cox moved to dismiss the first and second amended complaints due to allegedly insufficient service pursuant to Rule 12(b)(5).  See generally Def. J. David Cox's FRCP 12 Mot. to Dismiss Pls.['] Am. Compl. & Second Am. Compl. for Insufficient Service of Process. [ECF No. 47].

This Court denied Cox's motion on August 11, 2021.  Mem. Op. at 1.  The Court "exercise[d] its discretion to excuse plaintiffs' . . . delay in effecting service [of the first amended complaint] on Cox under Rule 4(m)," id. at 64, and concluded that the served complaint "provide[d] ample notice to Cox of the allegations against him" even though it did not contain the complaint's exhibits, id. at 66.  The Court also ordered plaintiffs to file proof of service for the summons and first amended complaint by not later than August 25, 2021, Order [ECF No. 59] at 1, but noted that the failure to file proof of service "does not affect the validity of service," Mem.

---

[2] As explained later, plaintiffs failed to file proof of service on Cox, but the Court assumed Cox was served on October 1, 2020 because Cox filed a declaration swearing to this fact.  Mem. Op. 63 n.28; see also Decl. of Jeffrey David Cox [ECF No. 47-2] ¶ 6(a), (c) ("On October 1, 2020 . . . I was served by a private process server with the . . . Summons dated June 29, 2020 [and] Amended Complaint dated June 26, 2020. (Docket. #11).").

Op. at 63 n.28 (quoting Fed. R. Civ. P. 4(l)(3)).  The Court further held that Cox was properly served with the second amended complaint since (1) Cox's attorneys entered appearances electronically on Cox's behalf, (2) plaintiffs filed the second amended complaint through CM/ECF, and (3) parties that enter appearances electronically "consent[] to electronic service of all documents, subsequent to the original complaint, that are filed by electronic means." Id. at 66 (quoting Local Civ. R. 5.4(b)(6)).

Plaintiffs filed proof of service on August 24, 2021.  Proof of Service of Process of Summons, Compl., Am. Compl. & Exs. on Def. Jeffrey David Cox ("Proof of Service") [ECF No. 61].  The submission included a signed and notarized affidavit from an individual over the age of 21 who is not an attorney or party to this action swearing to serving Cox on October 1, 2020 with (1) "Verified Ex Parte Motion By AFGE Members Helen Erslev and Joselynn Johnson for Leave to File Amended Complaint Containing Claims to be Filed Against Named Defendants Under Section 501 of the Labor Management and Reporting Act of 1959" and (2) "Exhibit #1; Article XII and XXIII Charges of Annette Wells AFGE, Local 12 (Dept of Labor Washington DC) Against AFGE President J. David Cox."  Aff. of Personal Service [ECF No. 61-1] at 1.  Importantly, and bizarrely, neither of these documents are the summons and first amended complaint.[3]  "In an abundance of caution," plaintiffs also attached proof that they mailed Cox the summons, amended complaint,[4] and all exhibits via certified mail, return receipt requested, on August 19, 2021.  Proof of Service.

---

[3] Although there is some variance in the titles, it appears that the two documents listed in the process server's affidavit correspond with the documents located at ECF Nos. 14 and 2-8.  The summons and first amended complaint are located at ECF Nos. 12 and 11.

[4] Plaintiffs did not specify which version of the amended complaint they mailed to Cox in their August 24, 2021 Proof of Service.  In their opposition to Cox's second motion to dismiss, however, plaintiffs stated that they mailed the third amended complaint on August 19, 2021.  Opp'n to Def. Cox's Mot. to Dismiss for Insufficiency of Service Under Rule 12(b)(5) [ECF No. 70] at 1.  This assertion is puzzling as plaintiffs did not file the first version of the third amended complaint until September 2021.  See Am. Compl., Sept. 1, 2021 [ECF No. 62].  Regardless,

Then, on September 1, 2021, Plaintiffs filed a third amended complaint.  Am. Compl., Sept. 1, 2021 [ECF No. 62].  Plaintiffs subsequently withdrew this version of the third amended complaint as well as another version filed on October 11, 2021.  See Third Am. Compl., Oct. 11, 2021 [ECF No. 72]; Am. Compl, Sept. 1, 2021.  Plaintiffs filed the current operative version of the third amended complaint on October 13, 2021.  Third Am. Compl., Oct. 13, 2021 [ECF No. 74].

On September 22, 2021, Cox again moved to dismiss plaintiffs' claims "based on the undisputed fact that no proper service . . . was successfully accomplished."  Mem. in Supp. of Cox's Second Mot. to Dismiss at 6.  Though Cox claims that he "has not been timely served as required by the rules . . . with any of the complaints," id. at 2 (emphasis added), his "[m]otion is directed to the First Amended Complaint," id. at 1.  Cox argues that the attempted service of the first amended complaint on October 1, 2020 was "undisputabl[y] late, incomplete and insufficient," and that plaintiffs provided no proof that Cox received the documents mailed on August 19, 2021.  Id. at 3.  Cox's theory appears to be that until plaintiffs properly serve him with the first amended complaint, this Court lacks jurisdiction over Cox regardless of whether he has been properly served with later versions of the complaint.  See id. at 1–2 ("Ab initio applies and until proper service is made, it isn't. While the court has discretion to allow further attempts, it requires the plaintiffs to return to the beginning. The Plaintiffs have not timely served the First Amended Complaint in this matter on Defendant Cox thus depriving the court of jurisdiction.").

Plaintiffs filed a memorandum in opposition to Cox's second motion to dismiss on October 5, 2021.  Opp'n to Def. Cox's Mot. to Dismiss for Insufficiency of Service of Process Under Rule

---

however, what version of the complaint plaintiffs mailed Cox in August 2021 is not significant for this motion's purposes.

12(b)(5) ("Opp'n to Cox's Second Mot. to Dismiss") [ECF No. 70].  Plaintiffs admit that the August 2021 attempt to serve Cox failed[5] and argue that the failed attempt is further evidence that Cox is intentionally attempting to evade service of process.  Id. at 2.  Plaintiffs also argue that this Court has jurisdiction over Cox even without service since Cox has voluntarily appeared and participated in this litigation.  Id. at 7–10.  Cox filed his reply on October 14, 2021.  Def. J. David Cox's Suppl. Reply in Supp. of His Mot. to Dismiss All Compls. [ECF No. 75].  Cox's second motion to dismiss is thus fully briefed and ripe for this Court's review.

### Legal Standard

"[F]ederal courts lack the power to assert personal jurisdiction over a defendant 'unless the procedural requirements for effective service of process are satisfied.'"  Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012) (quoting Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir. 2002), overruled on other grounds by Erwin-Simpson v. AirAsia Berhad, 985 F.3d 883 (D.C. Cir. 2021)).  "Failure to effect proper service is thus a 'fatal' jurisdictional defect, and is grounds for dismissal."  Jouanny v. Embassy of France in the U.S., 220 F. Supp. 3d 34, 38 (D.D.C. 2016) (quoting Tom Sawyer Prods., Inc. v. Progressive Partners Achieving Sols., Inc., 550 F. Supp. 2d 23, 26 (D.D.C. 2008)).  But "[i]n certain circumstances in which service of process was 'in substantial compliance with the formal requirements of the Federal Rules,' courts have . . . sustain[ed] the adequacy of service despite a minor, nonprejudicial defect."  Freedom Watch, Inc. v. OPEC, 766 F.3d 74, 81 (D.C. Cir. 2014) (quoting Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 924 n.14 (11th Cir. 2003)).

---

[5] The package was returned to plaintiffs unclaimed.  Id. at 2.  Because plaintiffs concede that Cox did not receive the August 2021 mailing, this Court will not address the parties' arguments about whether the mailing was via certified or priority express mail and the implications of this difference for achieving proper service.

"[A] district court cannot be assured that it has jurisdiction over a defendant until the plaintiff files proof of service . . . ." <u>Mann</u>, 681 F.3d at 373.  "Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."  Fed. R. Civ. P. 4(l)(1).  At the same time, Rule 4(l)(3) provides that the "[f]ailure to prove service does not affect the validity of service" and that "[t]he court may permit proof of service to be amended."  Fed. R. Civ. P. 4(l)(3).  "Accordingly, federal courts generally deny motions to dismiss for untimely or insufficient proof of service when  service  was  in  fact  properly  made,  because  in  such circumstances defendants cannot claim prejudice due to lack of notice."  <u>Prage v. Kavulich & Assocs., P.C.</u>, 16-CV-1627 (CBA), 2016 WL 5900194, at *2 (E.D.N.Y. Oct. 7, 2016) (collecting cases).

<u>Analysis</u>

The parties dedicate almost all of their briefing to debating whether Cox is intentionally evading service and whether service is required in this case because Cox has voluntarily consented to this Court's jurisdiction.  <u>See</u> Def. J. David Cox's Suppl. Reply in Supp. of His Mot. to Dismiss All Compls. at 1–3; Opp'n to Cox's Second Mot. to Dismiss at 1–3.  This Court need not—and will not—decide either of those issues because Cox's motion to dismiss fails for two far simpler reasons.

First, Cox never sufficiently justifies his decision to "direct[]" his motion "to the First Amended Complaint," Mem. in Supp. of Cox's Second Mot. to Dismiss at 1, or explains why a failure to properly serve Cox with the first amended complaint would nullify the service he received of the third amended complaint.  At the time Cox filed this motion to dismiss, the

operative complaint was the third amended complaint filed on September 1, 2021.[6]  See Am.
Compl., Sept. 1, 2021.   Cox's attorneys entered appearances on his behalf in October 2020.
Appearance of Counsel, Oct. 22, 2020; Appearance of Counsel, Oct. 20, 2020.   As this Court
explained when it rejected Cox's argument that the second amended complaint should be
dismissed against him, by entering appearances electronically on Cox's behalf, Cox's attorneys
"consented to 'electronic service of all documents, subsequent to the original complaint, that are
filed by electronic means.'"  Mem. Op. at 66–67 (quoting Local Civ. R. 5.4(b)(6)).  Hence, just as
"[s]ervice of the second amended complaint was . . . effected on October 23, 2020 through
CM/ECF," id. at 67, service of the first version of the third amended complaint was effected on
September 1, 2021 in the same manner.

     Though Cox cursorily states he has not been served "with any of the complaints," Mem. in
Supp. of Cox's Second Mot. to Dismiss at 2, at no point does Cox challenge the Court's conclusion
that he was sufficiently served with the second amended complaint through CM/ECF, nor does he
explain why that conclusion does not also apply to the various iterations of the third amended
complaint.   And since the operative version of the complaint at present is the third amended
complaint, it is not clear why Cox believes that plaintiffs still must serve him with the outdated
first amended complaint.  "An amended complaint ordinarily supersedes the original, and renders
it of no legal effect."  Butler v. Potomac Elec. Power Co., Civ. A. No. 03-0946 (JDB), 2004 WL
4972367, at *1 n.1 (D.D.C. Aug. 25, 2004) (quoting Dorchy v. WMATA, 45 F. Supp. 2d 5, 7 n.1
(D.D.C. 1999)); accord King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint
supersedes the original complaint and renders it of no legal effect unless the amended complaint

---

[6] Although the September 1, 2021 version of the third amended complaint is no longer the operative version, this section's conclusions apply with equal force to the most recent version of the third amended complaint filed on October 13, 2021 after Cox filed his motion to dismiss.

specifically refers to and adopts or incorporates by reference the earlier pleading."). Cox never argues that the first amended complaint still possesses legal force in this case or explains why plaintiffs must serve him with the first amended complaint in order for the parties to litigate the third amended complaint's allegations. Cf. Phillips v. Murchison, 194 F. Supp. 620, 622 (S.D.N.Y. 1961) ("[S]erving a superseded complaint with the summons [is] not a proper service of process . . . .").

Second, even if Cox were required to receive service of the first amended complaint at this point in the litigation, Cox "base[s] [his motion] on the undisputed fact that no proper service for purposes on [sic] providing the court jurisdiction was successfully accomplished." Mem. in Supp. of Cox's Second Mot. to Dismiss at 6. Not only is this fact disputed, it is directly contradicted by this Court's August 11, 2021 Memorandum Opinion. In that opinion, this Court considered the claims that Cox repeats in his second motion to dismiss—i.e., that plaintiffs did not serve Cox within 90 days and did not originally serve Cox with the first amended complaint's exhibits. Mem. Op. at 62–66. The Court exercised its discretion under Rule 4 to excuse these minor, nonprejudicial defects and held that "service of the first amended complaint under these circumstances was adequate." Id. at 66. Contrary to the parties' apparently shared misunderstanding, this Court's instruction that plaintiffs file proof of service of the first amended complaint on Cox by not later than August 25, 2021 was not a finding that Cox had not yet been sufficiently served with the first amended complaint. See Order at 1. Hence, Cox's already misguided motion is premised on a clear misreading of this Court's August 11, 2021 Memorandum Opinion and Order.

Admittedly, Plaintiffs have not yet adequately complied with Rule 4(l)(1) or this Court's August 11, 2021 Order by filing proof of service of the summons and first amended complaint.

The Affidavit of Personal Service that plaintiffs summitted on August 24, 2021 does not establish that Cox was properly served with the summons and first amended complaint as the affidavit mentions neither of those documents.  <u>See</u> Aff. of Personal Service.  Furthermore, both Cox and plaintiffs agree that plaintiffs' August 2021 attempt to serve Cox via mail failed as the package was returned to plaintiffs unclaimed.  Opp'n to Cox's Second Mot. to Dismiss at 2.

But Cox does not dispute that plaintiffs served him with the summons and first amended complaint.  In the declaration supporting his first motion to dismiss, Cox swore under penalty of perjury that on October 1, 2020, "[he] was served by a private process server" with the "[s]ummons dated June 29, 2020" and the "[a]mended [c]omplaint dated June 26, 2020. (Docket. #11)."  Decl. of Jeffrey David Cox [ECF No. 47-2].  While Cox has asserted that this service was defective because it was late and did not include the first amended complaint's exhibits, the Court has already rejected those arguments, and at no point has Cox claimed that the service he received was defective for other reasons such as that the private process server was a party in the case or not 18 years old—claims that would be highly implausible.

As this Court stated in its August 11, 2021 Memorandum Opinion, and as Rule 4(l)(3) explicitly provides, "[f]ailure to prove service does not affect the validity of service."  Mem. Op. at 63 n.28 (alteration in original) (quoting Fed. R. Civ. P. (4)(l)(3)); <u>see also</u> <u>McLean v. Wayside Outreach Dev. Inc.</u>, 624 F. App'x 44, 44–45 (2d Cir. 2015) (declining to set aside default judgment where proper service was conceded despite defective proof of service).  According to Cox's own declaration, he was validly served with both the summons and first amended complaint.  Hence, this Court will not dismiss plaintiffs' claims due to plaintiffs' failure to file an affidavit attesting to this service.  Instead, as Rule 4(l)(3) allows, the Court will permit plaintiffs to amend their proof of service and submit an affidavit from a process server swearing to serving Cox with the summons

and first amended complaint.  If plaintiffs again fail to provide this proof, this Court will not dismiss their claims against Cox unless Cox is able to establish some reason for doing so other than those this Court has already rejected.

In sum, because Cox has been served with the summons, first amended complaint, second amended complaint, and all versions of the third amended complaint, this Court will deny the portion of Cox's second motion to dismiss that alleges improper service.  But because plaintiffs have not yet filed adequate proof of service with regards to the summons and first amended complaint, the Court will grant plaintiffs the opportunity to amend their proof of service.

### Conclusion

For the foregoing reasons, the Court concludes that Cox has not established that he has not received effective service of process.  The Court will therefore deny Cox's second motion to dismiss plaintiff's claims under Rule 12(b)(5).  A separate Order will issue on this date.


                                                    /s/
                                            JOHN D. BATES
                                        United States District Judge


Dated:  November 15, 2021