UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN DOE #1, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>AMERICAN FEDERATION OF<br>GOVERNMENT EMPLOYEES, et al.,<br><br>    Defendants. | Civil Action No. 20-1558 (JDB) |

**ORDER**

On October 19, 2022, plaintiff Jocelynn Johnson filed a fourth amended complaint ("FAC") against defendants American Federation of Government Employees ("AFGE") and Jeffrey David Cox alleging wrongful termination on the basis of race in violation of 42 U.S.C. § 1981.[1] AFGE and Cox each filed motions to strike the FAC and to dismiss Johnson's sole-surviving wrongful termination claim under Federal Rule of Civil Procedure 41(b). In response, Johnson opposed the motions or, in the alternative, moved to strike the motions and filed a motion for leave to amend her FAC to include previously dismissed § 1981 retaliation claims against AFGE and Cox.

For the reasons explained below, the Court will grant AFGE and Cox's motions to strike; deny Johnson's motion for leave to amend her FAC to add retaliation claims; deny AFGE and Cox's motions to dismiss Johnson's surviving § 1981 wrongful termination claim; and order Johnson to file a fifth amended complaint limited to only the factual allegations specified in this Order that support her sole-surviving § 1981 wrongful termination claim.

---

[1] While there is a question as to what claims Johnson in fact has made in her FAC, discussed below, on its face the FAC only claims wrongful termination based on race under § 1981. FAC [ECF No. 118] ¶¶ 99–105.

1

**Background**

Since filing her initial complaint two and a half years ago, Johnson, along with other plaintiffs,[2] has filed four amended complaints, some with multiple versions. See Compl. [ECF No. 1]; Am. Compl. [ECF No. 11]; Pls.' Second Am. Compl. [ECF No. 32] ("SAC"); Am. Compl. [ECF No. 62] ("First Proposed Third Amended Complaint ('TAC')"); Third Am. Compl. [ECF No. 72] ("Second Proposed TAC"); Corrected Third Am. Compl. [ECF No. 73-1] ("Third Proposed TAC"); Third Am. Compl. [ECF No. 74] ("Fourth Proposed TAC"); FAC. At this point, Johnson is the only plaintiff still litigating the case,[3] and the only remaining defendants are AFGE and Cox. See FAC ¶¶ 5–12.

On August 11, 2021, the Court dismissed all of Johnson's claims against AFGE and Cox except for her § 1981 wrongful termination claim. Aug. 11, 2021 Order [ECF No. 59] at 2; see also Doe #1 v. Am. Fed'n of Gov't Emps., 554 F. Supp. 3d 75, 125 (D.D.C. 2021) ("The only claims that are not subject to dismissal and hence remain are Wells's breach-of-fiduciary duty claim against Cox under 29 U.S.C. § 501(b) (Count 7); Johnson's wrongful termination claims against AFGE and Cox under 42 U.S.C. § 1981 (Count 5); and Kabir's racially hostile work environment claims against AFGE and Cox under section 1981 and the DCHRA (Counts 5 & 9)." (emphases added)), reconsideration denied, Civ. A. No. 20-1558 (JDB), 2022 WL 4182223 (D.D.C. Sept. 13, 2022). The Court also ordered plaintiffs to file a third amended complaint "limited to the claims that have not been dismissed from this lawsuit and the factual allegations supporting those claims." Aug. 11, 2021 Order at 2.

---

[2] Although Johnson filed all previous versions of her complaint together with plaintiffs Rocky Kabir and Annette Wells, this Order will refer only to Johnson when discussing previous versions of the amended complaint, as the motions now before the Court concern only Johnson's FAC, which she filed alone.

[3] Kabir is currently in mediation, Dec. 1, 2022 Min. Order, and Wells never filed a fourth amended complaint as ordered by the Court, see Sept. 13, 2022 Order [ECF No. 101] at 2.

Pursuant to that Order, on September 1, 2021, Johnson filed her first proposed TAC. See First Proposed TAC. On September 14, AFGE filed a motion to strike that complaint and a motion for sanctions, arguing that the newly filed complaint contained allegations beyond those related to her sole-surviving claim in violation of the Court's August 11, 2021 Order. AFGE's Mot. to Strike First Proposed TAC [ECF No. 64] at 1. On October 5, the Court granted Johnson leave to withdraw her first version of the TAC and to re-file one that conformed to the Court's August 11 Order. Oct. 5, 2021 Min. Order. Johnson filed a second proposed TAC on October 11. See Second Proposed TAC. Johnson then moved to withdraw both the first and second proposed TACs and for leave to file a third corrected TAC, attaching a proposed third corrected version of the TAC. Pls.' Mot. to Withdraw TACs [ECF No. 73] at 1; Third Proposed TAC. The Court granted Johnson leave to withdraw the previous versions of the TAC "and file a complaint that conforms with . . . this Court's August 11, 2021 Order." Oct. 12, 2021 Min. Order. Johnson filed the final proposed version of her TAC on October 13. See Fourth Proposed TAC. AFGE again moved to strike Johnson's fourth proposed version of the TAC. See AFGE's Mot. to Strike Pls.' Fourth Iteration of Their TAC [ECF No. 78].

After full briefing on the issues, on September 13, 2022, the Court granted AFGE's motion to strike the fourth proposed TAC and for sanctions, and it ordered Johnson to file a fourth amended complaint "limited to the claims that have not been dismissed from this lawsuit and the factual allegations supporting those claims," namely, her § 1981 wrongful termination claim. Sept. 13, 2022 Order at 1–2. The Court held that Johnson's fourth proposed TAC violated the Court's August 11, 2021 Order "in several . . . ways, such as . . . by alleging new claims not previously raised in the second amended complaint," including "Johnson's retaliation claim that the Court

3

explicitly found was not in the second amended complaint." Doe #1 v. Am. Fed'n of Gov't Emps., Civ. A. No. 20-1558 (JDB), 2022 WL 4182223, at *14 (D.D.C. Sept. 13, 2022).

In response to the Court's Order, Johnson filed a fourth amended complaint on October 19, 2022. See FAC. Shortly thereafter, AFGE and Cox both moved to strike the FAC, again arguing that it fails to comply with the Court's August 11, 2021 and September 13, 2022 Orders and Federal Rule of Civil Procedure 8(a)'s requirement that a pleading contain a "short and plain statement" because it includes factual allegations and prayers for relief outside the scope of the one surviving claim for wrongful termination under § 1981. See AFGE's Corrected Mot. to Strike FAC & to Dismiss § 1981 Wrongful Termination Claim Against AFGE with Prejudice [ECF No. 123] ("AFGE Mot.") ¶¶ 3–5; Cox's Mot. to Strike FAC & to Dismiss Claims with Prejudice [ECF No. 130] ("Cox Mot.") ¶¶ 3–5, 13. AFGE and Cox also moved to dismiss Johnson's sole-surviving § 1981 claim with prejudice under Rule 41(b). AFGE Mot. ¶¶ 8–9; Cox Mot. ¶¶ 7–8.

Johnson opposed those motions, arguing that the FAC did not violate the Court's Orders, moved to strike defendants' motions in the alternative,[4] and moved to amend her FAC by "filing

---

[4] It is not clear from the face of Johnson's motions what authority she invokes in moving to strike defendants' motions to strike. Her motions are styled as "Rule 41(b) motion[s] to strike," Corrected Opp'n to AFGE Mot., or, in the Alternative, Pl.'s Rule 41(b) Mot. to Strike It, & Pl.'s Mot. for Leave to File Pl.'s Fifth Am. Compl. [ECF No. 127] ("Opp'n to AFGE Mot.") at 1; Opp'n to Cox Mot., or, in the Alternative, Pl.'s Rule 41(b) Mot. to Strike Cox Mot., & Pl.'s Mot. for Leave to File Pl.'s Fifth Am. Compl. [ECF No. 135] ("Opp'n to Cox Mot.") at 1, but Rule 41(b) allows a defendant to move for involuntary dismissal when the plaintiff fails to prosecute the case or violates a court order or rule, Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). Rule 41(b) thus has nothing to do with motions to strike.

Even assuming Johnson invokes Rule 12 in her motions to strike—although Rule 12 is not mentioned in either motion—the Court is doubtful that a Rule 12 motion to strike a motion to strike is proper here. Rule 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, Johnson moves to strike AFGE and Cox's motions to strike, which are not pleadings, and does not argue that any material in the motions is "redundant, immaterial, impertinent, or scandalous." Id.; see also Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec., 999 F. Supp. 2d 61, 77–78 (D.D.C. 2013) ("[I]t is not clear that the Federal Rules authorize this Court to strike a portion of a [non-pleading]. . . . Rule 7(a) lists the filings that constitute pleadings, but motions, affidavits, briefs and other documents are outside of the pleadings, and thus are not subject to being stricken." (internal quotation marks omitted)).

Johnson perhaps intended to invoke the Court's inherent authority to strike material for lack of compliance with the Court's orders or rules, see infra pp.5–6, but she does not allege that defendants violated any Court orders or

a Fifth Amended Complaint restoring her § 1981 retaliation claim against Defendant AFGE and Defendant Cox that the Court dismissed in its August 2021 Order and to add a new § 1981 claim and factual allegations in support thereof." Opp'n to AFGE Mot. at 1; Opp'n to Cox Mot. at 1.

AFGE and Cox both replied in support of their respective motions to strike and dismiss and in opposition to Johnson's motions to strike and for leave to amend her complaint. See AFGE's Reply in Supp. of AFGE Mot. & AFGE's Opp'n to Johnson's Mot. for Leave to Amend [ECF No. 131]; Cox's Reply to Johnson's Opp'n to Cox Mot. [ECF No. 139]. The motions are now ripe for the Court's decision.

## Analysis

### I.     Defendants' Motions to Strike the FAC and Johnson's Motion to Amend the FAC

AFGE and Cox both move to strike Johnson's FAC because it is noncompliant with the Court's August 11, 2021 and September 13, 2022 Orders. See AFGE Mot. ¶¶ 4–6; Cox Mot. ¶¶ 1, 2, 4–5. "[D]istrict courts have the inherent authority . . . to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, 579 U.S. 40, 47 (2016). This broad power includes the authority to strike material from its docket for noncompliance with court orders or rules. Cf. Shepherd v. Am. Broad. Cos., Inc., 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("[T]he inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary . . . ." (emphasis added)); Ali v. Tolbert, 636 F.3d 622, 627 (D.C. Cir. 2011) (quoting Shepherd, 62 F.3d at 1472);

---

rules. Instead, she argues that "[t]he Court should deny or, in the alternative, strike AFGE's Corrected Motion to Strike Plaintiff Johnson's Fourth Amended Complaint because Plaintiff Johnson did not 'fail to comply' with the Court's August 11, 2021 Order, as AFGE claims." Opp'n to AFGE Mot. at 4; accord Opp'n to Cox Mot. at 3. Johnson's argument is thus focused on the merits of whether her filing violated the Court's Orders, and so the Court will accordingly construe her motion to strike the defendants' motions to strike as an opposition to the motions (rather than a motion to strike them) and will resolve the defendants' motions to strike on the merits.

5

see Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010) ("[A] District Court ha[s] jurisdiction to grant . . . motion[s] to strike pursuant to its inherent powers."); HLFIP Holding, Inc. v. Rutherford Cnty., No. 3:19-cv-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020) ("The Court may strike improvident filings based on its inherent authority to manage its own docket. This includes the inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." (citation omitted)). "It necessarily follows that, as part of its power to 'manage [its] own affairs,' a district court can use less drastic measures such as striking documents from the docket to address litigation conduct that does not warrant outright dismissal." Ready Transp., 627 F.3d at 404 (citation omitted) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)).

While defendants do not invoke Rule 12(f) explicitly in their motions to strike the FAC,[5] the Court of course has authority under that rule to strike "redundant, immaterial, [or] impertinent" material from a pleading. Fed. R. Civ. P. 12(f). The Court may act "on its own" to strike such material. Id. Rule 12(f) supplements, but does not displace, a court's inherent authority to strike material from its docket for noncompliance with court rules.

Johnson's filings implicitly acknowledge that her FAC violates the Court's Orders because it contains allegations that "support both her § 1981 wrongful termination and § 1981 retaliation claims against Defendant AFGE and Defendant Cox." Opp'n to AFGE Mot. at 10 (emphasis added); see also id. at 7–10 (discussing allegations included in her FAC that relate only to her dismissed § 1981 retaliation claims against AFGE and Cox). Johnson also acknowledges that the Court squarely dismissed her § 1981 retaliation claims against AFGE and Cox and ordered that

---

[5] Neither motion mentions Rule 12. Since defendants ask the Court to strike the entire FAC, rather than certain "redundant, immaterial, impertinent, or scandalous" parts, Fed. R. Civ. P. 12(f), the Court will construe defendants' motions as invoking the Court's inherent authority to strike material from its docket for noncompliance with court orders or rules.

6

her FAC include <u>only</u> allegations related to her § 1981 wrongful termination claim.  <u>See</u> <u>id.</u> at 1 (requesting leave to "fil[e] a Fifth Amended Complaint <u>restoring her § 1981 retaliation claim</u> against Defendant AFGE and Defendant Cox <u>that the Court dismissed</u> in its August 2021 Order" (emphases added)); <u>id.</u> at 4 (noting that the Court "dismissed [her] retaliation claims against Defendant AFGE and Defendant Cox"); <u>see also</u> <u>id.</u> at 11 ("After reviewing the Court's September 13, 2022 Order, Plaintiff Johnson's counsel . . . intentionally excluded Plaintiff's § 1981 retaliation claims from the Fourth Amendment Complaint out of concern that the Court would impose additional monetary sanctions.").

Despite Johnson's clear acknowledgement that the Court (1) dismissed her retaliation claims and (2) ordered her to file a FAC including only allegations relating to her sole-surviving wrongful termination claim, she nevertheless argues in astonishing fashion that "[i]n filing the third corrected Third Amended Complaint, [she] properly amended the Second Amended Complaint and thereby reinstated § 1981 retaliation claims against Defendant AFGE and Defendant Cox that the Court ruled she omitted from the Second Amended Complaint."  Opp'n to AFGE Mot. at 5.  This disingenuous argument clearly misrepresents the record.  The inclusion of out-of-scope allegations in the fourth proposed TAC—specifically, allegations pertaining to Johnson's § 1981 retaliation claims that had been previously dismissed by this Court—resulted in that complaint being stricken for violating the Court's August 11, 2021 Order.  <u>Doe #1</u>, 2022 WL 4182223, at *14 (enumerating the ways in which the complaint violated the Court's Order, including by "containing Johnson's retaliation claim that the Court explicitly found was not in the second amended complaint").  Interpreting that chain of events as a "proper[] amend[ment]" of her second amended complaint that "reinstated" her § 1981 retaliation claims, Opp'n to AFGE Mot. at 5, strains credulity.

7

But counsel's attempt to revive Johnson's already dismissed § 1981 retaliation claims did not stop there. She also claims that

> the Court's August 11, 2021 Order has no applicability to Ms. Johnson's [§] 1981 claims against AFGE and Cox. Because the Court's August 11th Order does not apply to Plaintiff Johnson's § 1981 claims against AFGE and Cox, the pleading restrictions on the other Plaintiffs imposed by [the] Court's August 11, 2021 Order do **not** apply to Plaintiff's § 1981 claims against Defendants AFGE and Cox. Thus, under FRCP 15, Plaintiff was free to amend her Second Amended Complaint by filing the third corrected Third Amended Complaint containing the § 1981 retaliation claims against Defendant AFGE and Defendant Cox that the Court dismissed in its August 11, 2021 Order.

Opp'n to AFGE Mot. at 7. This statement is a blatant recognition of and attempt to legitimize counsel's complete disregard for this Court's Orders. The Court's August 11, 2021 Order was binding on Johnson. In the Memorandum Opinion accompanying that Order, the Court held that "Johnson's retaliation theory is <u>waived</u> because she failed to present it in the second amended complaint," Doe #1, 554 F. Supp. 3d at 106 (emphasis added); see also Doe #1, 2022 WL 4182223, at *2 ("The [third amended] complaint contains several claims other than those the Court identified as still viable in its August 2021 Order. For instance, count one includes Johnson's . . . retaliation claim[]—even though the Court explicitly rejected th[at] claim[] in its prior Memorandum Opinion."). Thus, Johnson was quite obviously not "free to amend her Second Amended Complaint" to include "the § 1981 retaliation claims" that the Court held had been waived and thus dismissed. In fact, in ordering sanctions against Johnson's counsel, the Court noted that some "of the more egregious violations [warranting sanctions] include[d] reinstating claims the Court had explicitly rejected," such as Johnson's § 1981 retaliation claims. Doe #1, 2022 WL 4182223, at *16. And to eliminate any doubt, the Court's September 13, 2022 Order specifically directed Johnson to

> file a fourth amended complaint that is consistent with the accompanying Memorandum Opinion filed on this date, [60] the Court's August 2021

8

> Memorandum Opinion, and [59] the Court's August 2021 Order.  <u>Plaintiffs' fourth amended complaint shall be limited to the claims that have not been dismissed from this lawsuit and the factual allegations supporting those claims.</u>  Plaintiffs are not permitted to revise their fourth amended complaint to add new claims or factual allegations beyond those articulated in [32] their second amended complaint.  Plaintiffs are warned that failure to comply with these directives may have significant consequences, including dismissal of their claims with prejudice[.]

Sept. 13, 2022 Order at 2 (emphasis added).  Despite these clear directives by the Court, Johnson chose to transgress the Court's Order for a second time by including allegations related to the dismissed § 1981 retaliation claims in a misguided attempt to reinstate them.

All of Johnson's remaining arguments on this point are unavailing because they either (1) relitigate the merits of the Court's dismissal of the retaliation claims (arguments that either should have been raised previously but were not, or have already been raised and denied by the Court when resolving Johnson's motion to reconsider the Court's dismissal of the claims), <u>see, e.g.</u>, Opp'n to AFGE Mot. at 5 (explaining why her retaliation claims should not have been dismissed); <u>see also</u> <u>Doe #1</u>, 2022 WL 4182223, at *6–13, or (2) concern the merits and/or substance of the retaliation claim and associated requested relief, <u>see, e.g.</u>, Opp'n to AFGE Mot. at 15–19 (discussing the substance of her claim for injunctive relief and her retaliation claims), which is irrelevant to the instant motion.

Given these clear violations of this Court's Orders, the Court will exercise its inherent authority to strike Johnson's FAC because it includes—by her own admission—allegations pertaining to her dismissed § 1981 retaliation claims and requests for relief associated with those claims.[6]  Accordingly, the Court will also deny Johnson's motion for leave to amend her FAC to reinstate the previously dismissed § 1981 retaliation claims against AFGE and Cox.

---

[6] In addition to its inherent authority, the Court is also empowered under Rule 12(f) to strike the "immaterial" allegations in the FAC related to the retaliation claims.  Allegations and requests for relief associated with claims that have already been dismissed from this lawsuit are certainly "immaterial" and/or "impertinent" as they "can have no possible bearing on the subject matter of the litigation." <u>Cobell v. Norton</u>, 224 F.R.D. 1, 2 (D.D.C. 2004) (internal

**II.     Defendants' Motions to Dismiss Johnson's § 1981 Wrongful Termination Claim**

AFGE and Cox ask the Court to take the further step of dismissing Johnson's sole-surviving § 1981 wrongful termination claim against both defendants under Federal Rule of Civil Procedure 41(b).  AFGE Mot. ¶ 8; Cox Mot. ¶ 8.  A court has the inherent authority to "dismiss a case . . . for a plaintiff's failure to . . . comply with a court order."  Holston v. Vance-Cooks, Civ. A. No. 12-CV-1546 (KBJ), 2013 WL 5912475, at *1 (D.D.C. Nov. 5, 2013) (quoting Angelino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012)).  Rule 41(b) also authorizes a court to dismiss an action for failure to comply with a court order.  A court has discretion when deciding whether to dismiss a case under Rule 41(b), see Keys v. Wash. Metro. Area Transit Auth., 523 F. App'x 727, 728 (D.C. Cir. 2013), and "[a]lthough 'dismissal may be an unduly severe sanction for a single episode of misconduct,' a court acts properly in dismissing a case 'when lesser sanctions would not serve the interest of justice,'" Allen v. United States, 277 F.R.D. 221, 223 (D.D.C. 2011) (quoting Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C. Cir. 1990)).

Unlike when the Court rejected AFGE's first request to dismiss Johnson's claim, Johnson has since been clearly warned that a further violation of this Court's Order may result in dismissal of her case with prejudice.  In its prior Order, the Court noted that "[w]hile the Court might be justified in dismissing plaintiffs' claims against AFGE given the egregiousness of plaintiffs' misconduct, the Court will not do so at this time.  Plaintiffs have not yet received any warnings from this Court about the possible consequences of their actions, and the Court hopes that this decision and the imposition of monetary sanctions will deter any future misconduct."  Doe #1, 2022 WL 4182223, at *18 (footnote omitted).  Unfortunately, the Court's admonishment was

---

quotation marks omitted).  But the Court finds that in this instance, striking the entire FAC—as opposed to striking only the impertinent allegations from the FAC—is the more efficient and better course of action to move this case forward.

10

unheeded and did not have the desired effect of "deter[ring] any future misconduct." Id.  Given that Johnson was on notice that a future transgression may result in dismissal, defendants' present request for dismissal must be seriously considered.

But the Court is loath to resolve a claim on procedural grounds rather than on the merits. See Ciralsky v. C.I.A., 355 F.3d 661, 674 (D.C. Cir. 2004) ("[O]ther things being equal, our jurisprudential preference is for adjudication of cases on their merits rather than on the basis of formalities." (cleaned up)).  The Court is especially hesitant to do so here, as AFGE has conceded that Johnson's remaining § 1981 wrongful termination claim, as alleged in her second amended complaint, passes initial pleading-stage muster.  AFGE Mot. ¶ 4.  At the same time, the Court is mindful that this litigation is nearly three years old, and, due in large part to repeated sanctionable misconduct by Johnson's counsel, there is still not an operative complaint from which motions practice on the merits and discovery can proceed.

Upon weighing these competing considerations, the Court will grant Johnson one final chance to file a complaint that complies with this Court's Orders.  To erase any doubt, and to ensure this litigation moves forward on the merits, the fifth amended complaint shall include only the allegations in the second amended complaint directly related to Johnson's wrongful termination claim, see SAC ¶¶ 656–84, or some close iteration thereof, and shall not include any other allegations nor prayers for relief that are not properly awardable on an individual racial discrimination claim, which would exclude, for example, the broad-based injunctive relief for "mandatory and extensive anti-racial discrimination training for all AFGE staff" requested in her FAC, see FAC at 18.

The Court hopes that Johnson's counsel will accord proper weight to the Court's admonishments this time around and that this litigation will finally get back on track.  Any further

11

violation of this Court's Orders will result in dismissal of Johnson's sole-surviving complaint with prejudice.

\* \* \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [123] AFGE's motion to strike Johnson's fourth amended complaint and [130] Cox's motion to strike Johnson's fourth amended complaint are **GRANTED**; it is further

**ORDERED** that [127] [135] Johnson's motions for leave to amend her fourth amended complaint are **DENIED**; it is further

**ORDERED** that [123] AFGE's motion to dismiss Johnson's § 1981 wrongful termination claim and [130] Cox's motion to dismiss Johnson's § 1981 wrongful termination claim are **DENIED**; it is further

**ORDERED** that, by not later than January 24, 2023, Johnson shall file a fifth amended complaint <u>limited</u> to her § 1981 wrongful termination claims against AFGE and Cox; such complaint shall <u>only</u> include factual allegations and requests for relief directly related to those claims and shall not include any allegations or requests for relief related to her dismissed retaliation claims, or any other claims, whether new or previously dismissed; and it is further

**ORDERED** that, by not later than February 14, 2023, AFGE and Cox shall answer or otherwise respond to Johnson's fifth amended complaint.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  January 3, 2023