**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN DOE #1, et al.,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 20-1558 (JDB)** |
| **AMERICAN FEDERATION OF** | |
| **GOVERNMENT EMPLOYEES, et al.,** | |
| **Defendants.** | |

**MEMORANDUM OPINION & ORDER**

Before the Court are two motions to strike plaintiff Jocelynn Johnson's fifth amended complaint and dismiss her sole-surviving § 1981 wrongful termination claim without prejudice—one filed by defendant American Federation of Government Employees ("AFGE") and one filed by defendant Jeffrey Cox.  For the reasons explained below, the Court will grant the motions.

**Background**

Given the myriad opinions that lay out the factual landscape of this case in detail, see, e.g., Doe #1 v. Am. Fed'n of Gov't Emps., 554 F. Supp. 3d 75 (D.D.C. 2021); Doe #1 v. Am. Fed'n of Gov't Emps., Civ. A. No. 20-1558 (JDB), 2022 WL 4182223 (D.D.C. Sept. 13, 2022); Doe #1 v. Am. Fed'n of Gov't Emps., Civ. A. No. 20-1558 (JDB), 2023 WL 22059 (D.D.C. Jan. 3, 2023), the Court will only briefly reiterate the facts necessary to resolve the instant motions.

Johnson brought this lawsuit against AFGE and Cox[1] in June 2020 alleging, among other claims that have since been dismissed, that defendants wrongfully terminated her employment due to her race in violation of 42 U.S.C. § 1981.  See Compl. [ECF No. 1] ¶¶ 520; Fifth Amended

---

[1] The case initially included other plaintiffs and defendants who are no longer parties.

Compl. [ECF No. 150] ("5AC") ¶ 109.  Specifically, Johnson alleges that defendants "terminat[ed] [her] for allegedly violating the AFGE No Politics rule but [did] not terminat[e] [two] similarly situated Caucasian-American AFGE staff members . . . who were charged with violating the same AFGE No Politics Rule."  Id. ¶ 81.

Since her initial complaint, Johnson has filed five amended complaints, some with multiple versions.  See Compl. [ECF No. 1]; Am. Compl. [ECF No. 11]; Pls.' Second Am. Compl. [ECF No. 32] ("SAC"); Am. Compl. [ECF No. 62] ("First Proposed Third Amended Complaint ('TAC')"); Third Am. Compl. [ECF No. 72] ("Second Proposed TAC"); Corrected Third Am. Compl. [ECF No. 73-1] ("Third Proposed TAC"); Third Am. Compl. [ECF No. 74] ("Fourth Proposed TAC"); Fourth Amended Compl. [ECF No. 118] ("FAC"); 5AC.

Most relevant here, the Court dismissed all of Johnson's claims in her SAC except her § 1981 wrongful termination claim against defendants.  Aug. 11, 2021 Order [ECF No. 59] at 2; see also Doe #1, 554 F. Supp. 3d at 125.  The Court allowed Johnson the opportunity to file a third amended complaint "limited to the claims that have not been dismissed from this lawsuit and the factual allegations supporting those claims."  Aug. 11, 2021 Order at 2.  Johnson then filed five versions of a third amended complaint, which spurred a year of litigation, culminating in the Court striking the Fourth Proposed TAC because it violated the Court's previous order "in several . . . ways, such as . . . by alleging new claims not previously raised in the second amended complaint."  Doe #1, 2022 WL 4182223, at *14.  The Court also imposed monetary sanctions against Johnson's counsel for including claims and underlying allegations that had already been dismissed by the Court and which the Court explicitly ordered should not be included in the third amended complaint.  See id. at *15–17.  But the Court stopped short of dismissing Johnson's sole-

surviving claim at that time because she had "not yet received any warnings from this Court about the possible consequences of [her] actions." Id. at *18 (footnote omitted).

The Court again allowed Johnson to file a fourth amended complaint "limited to the claims that have not been dismissed from this lawsuit and the factual allegations supporting those claims," namely, her § 1981 wrongful termination claim. Sept. 13, 2022 Order [ECF No. 101] at 1–2. After Johnson filed her FAC, defendants again moved to strike it because it included factual allegations and requests for relief outside the scope of the § 1981 claim. See AFGE's Corrected Mot. to Strike & to Dismiss § 1981 Wrongful Termination Claim Against AFGE with Prejudice [ECF No. 123] ("AFGE Mot. to Strike FAC"); Cox's Mot. to Strike FAC & to Dismiss Claims with Prejudice [ECF No. 130] ("Cox Mot. to Strike FAC"). Defendants also moved to dismiss Johnson's § 1981 claim with prejudice due to her repeated noncompliance with court orders. See AFGE Mot. to Strike FAC ¶¶ 8–9; Cox Mot. to Strike FAC ¶¶ 7–8. The Court granted defendants' motions to strike because the FAC contained allegations outside the scope permitted by the Court in its previous order but again declined to dismiss Johnson's § 1981 claim. Doe #1, 2023 WL 22059, at *6. The Court noted that it "is loath to resolve a claim on procedural grounds rather than on the merits" and accordingly "grant[ed] Johnson one final chance to file a complaint that complies with this Court's Orders." Id. The Court instructed Johnson as to what allegations her fifth amended complaint may include:

> [t]o erase any doubt, and to ensure this litigation moves forward on the merits, the fifth amended complaint shall include only the allegations in the second amended complaint directly related to Johnson's wrongful termination claim, see SAC ¶¶ 656–84, or some close iteration thereof, and shall not include any other allegations nor prayers for relief that are not properly awardable on an individual racial discrimination claim, which would exclude, for example, the broad-based injunctive relief for "mandatory and extensive anti-racial discrimination training for all AFGE staff" requested in her FAC.

Id.  But the Court warned that "[a]ny further violation of this Court's Orders will result in dismissal of Johnson's sole-surviving complaint with prejudice."  Id.

That long wind-up brings us to the present.  Johnson filed her 5AC on February 24, 2023. See 5AC.  Shortly thereafter, AFGE filed another motion to strike the 5AC and to dismiss Johnson's § 1981 claim with prejudice because the 5AC again included allegations outside the scope of those permitted by the court and those relevant to her § 1981 claim, see Def. AFGE's Mot. to Strike Johnson's 5AC & to Dismiss Her Section 1981 Claim Against AFGE [ECF No. 162] ("AFGE Mot."), and Cox followed suit, see Def. Cox's Mot. to Strike 5AC with Prejudice & to Dismiss her Claims with Prejudice [ECF No. 164] ("Cox Mot.").  Johnson responded in opposition, see Opp'n to AFGE's Mot. [ECF No. 166] ("Johnson Opp'n"), and AFGE replied in support of its motion, see AFGE's Reply in Supp. of AFGE Mot. [ECF No. 168] ("AFGE Reply"). The motions are now ripe for decision.

## Analysis

### I.    Motions to Strike

Both AFGE and Cox move to dismiss Johnson's 5AC because they claim "Johnson's counsel has once again violated this Court's Orders by making wholly new allegations that are nowhere in the Second Amended Complaint[,] . . . including allegations from sections of the SAC about claims other than Johnson's individual wrongful termination claim against AFGE and Cox . . . and making allegations that, because they are legally irrelevant to the wrongful termination claim, are not 'directly related to' that claim."  AFGE Mot. at 2.[2]

---

[2] Cox's motion has no additional arguments—it simply "adopts, relies upon, and incorporates" the contents of AFGE's motion, Cox Mot. ¶ 9, so the Court will only discuss AFGE's motion in this Opinion.  It grants Cox's motion for the same reasons discussed here with regard to AFGE's motion.

"[D]istrict courts have the inherent authority . . . to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." <u>Dietz v. Bouldin</u>, 579 U.S. 40, 47 (2016).  This broad power includes the authority to strike material from its docket for noncompliance with court orders or rules.  <u>See</u> <u>Ready Transp., Inc. v. AAR Mfg., Inc.</u>, 627 F.3d 402, 404 (9th Cir. 2010) ("[A] District Court ha[s] jurisdiction to grant . . . motion[s] to strike pursuant to its inherent powers."); <u>HLFIP Holding, Inc. v. Rutherford Cnty.</u>, No. 3:19-cv-00714, 2020 WL 6484254, at *2 (M.D. Tenn. Sept. 13, 2020) ("The Court may strike improvident filings based on its inherent authority to manage its own docket.  This includes the inherent authority to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." (citation omitted)); <u>cf.</u> <u>Shepherd v. Am. Broad. Cos., Inc.</u>, 62 F.3d 1469, 1472 (D.C. Cir. 1995) ("[T]he inherent power enables courts to protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, <u>and such other orders and sanctions as they find necessary</u> . . . ." (emphasis added)); <u>Ali v. Tolbert</u>, 636 F.3d 622, 627 (D.C. Cir. 2011) (quoting <u>Shepherd</u>, 62 F.3d at 1472).  "It necessarily follows that, as part of its power to 'manage [its] own affairs,' a district court can use less drastic measures such as striking documents from the docket to address litigation conduct that does not warrant outright dismissal." <u>Ready Transp.</u>, 627 F.3d at 404 (citation omitted) (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44–45 (1991)).

Defendants argue the 5AC should be stricken because it contains three types of non-compliant allegations: (1) "entirely new allegations," (2) "allegations not in SAC ¶¶ 656–84," and (3) "allegations irrelevant to Johnson's individual wrongful termination claim."  <u>See</u> AFGE Mot. at 5–9.

### A.  Entirely New Allegations

AFGE points out that Johnson included new allegations related to misconduct by AFGE Defense Conference Emeritus Chair Don Hale in paragraphs 86, 88–89, and 91–97 of the 5AC. Id. at 5.  Johnson's new allegations mainly pertain to Hale's act of "email[ing] a sexually explicit photo of himself to a female AFGE official . . . in violation of the AFGE Use of Resources Rule" and AFGE's subsequent decision not to discipline him.  See 5AC ¶¶ 86–97.  These allegations presumably serve as an example of a similarly situated white employee who was not fired.  See Johnson Opp'n at 5.

AFGE contends that the inclusion of these allegations for the first time contravenes the Court's September 13, 2022 Order, which mandated that "[p]laintiffs are not permitted to revise their fourth amended complaint to add new claims or factual allegations beyond those articulated in [their SAC]."  Sept. 13, 2022 Order at 2; see AFGE Mot. at 5–6.  It also argues that the allegations are violative of the Court's most recent January 3, 2023 Order because they are not relevant to Johnson's sole-surviving claim.  Id. at 6–7.

Johnson devotes nearly her entire 15-page response to AFGE's motion to rebutting the proposition that allegations pertaining to Hale violate court orders.  She first acknowledges that the Hale allegations were not in the SAC but says this is because she only recently learned about them (even though they date back to 2012).  Johnson Opp'n at 1–2.  "Had Plaintiffs and their counsel been aware of the allegations regarding Mr. Hale's sexual misconduct when they filed their Second Amended and Third Corrected Third Complaints," she claims, "they certainly would have included the Hale allegations in those complaints."  Id. at 2.  Johnson spends the remainder of her filing arguing why she believes the Hale allegations are nonetheless relevant to her § 1981 claim:

Ms. Johnson is entitled to include the Hale allegations in her Fifth Amended Complaint because they support her claim that, like AFGE's treatment of former AFGE National President J. David Cox and former National Vice President George McCubbin, AFGE treated DEFCON Emeritus Chair Don Hale, who is Caucasian, in a racially more favorable manner than it treated former National Secretary Eugene Hudson, Jr. and herself, both of whom are African American.

Id. at 5.  She further argues that

[t]he Hale allegations fall squarely within the parameters of the Court's instruction to Ms. Johnson to include in the Fifth Amended Complaint "only the allegations in the second amended complaint directly related to Johnson's wrongful termination claim or some close iteration thereof and shall not include any other allegations . . . that are not properly awardable on an individual racial discrimination claim."

Id. at 7.

The Court agrees with defendants that these new allegations pertaining to Hale's misconduct both violate the express directives of the Court's Orders and are otherwise irrelevant to Johnson's sole remaining claim.  In the Court's most recent order, it stated that Johnson's 5AC "shall include only the allegations in the second amended complaint directly related to Johnson's wrongful termination claim, see SAC ¶¶ 656–84, or some close iteration thereof, and shall not include any other allegations nor prayers for relief that are not properly awardable on an individual racial discrimination claim."   Doe #1, 2023 WL 22059, at *6 (emphases added).   Johnson acknowledges that the Hale allegations were not included in the SAC, Johnson Opp'n at 1–2—an admission which by itself violates the Court's orders.

But setting aside that the inclusion of the Hale allegations violates the part of the Court's Order that mandates that the 5AC include only the allegations in paragraphs 656–84 of the SAC, it also violates the part of the Court's Order that the allegations shall be "directly related to Johnson's wrongful termination claim" and "shall not include any other allegations nor prayers for

relief that are not properly awardable on an individual racial discrimination claim."  Doe #1, 2023 WL 22059, at *6.

The only conceivable relevance of the Hale allegations is if Johnson were to argue that Hale is a comparator case.

> Evidence demonstrating that similarly situated employees outside of plaintiff's protected class were treated more favorably is sufficient to establish an inference of discrimination.  In order to show that she was similarly situated to a fellow employee, plaintiff must "demonstrate that all of the relevant aspects of [their] employment situation [are] nearly identical."  In particular, the co-workers "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it."

Childs-Pierce v. Util. Workers Union of Am., 383 F. Supp. 2d 60, 70 (D.D.C. 2005), aff'd, 187 F. App'x 1 (D.C. Cir. 2006) (first quoting Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507, 1514 (D.C. Cir. 1995), then quoting Phillips v. Holladay Prop. Servs., Inc., 937 F. Supp. 32, 37 (D.D.C. 1996), aff'd, No. 96-7202, 1997 WL 411695 (D.C. Cir. June 19, 1997)).

Johnson alleges none of this—she does not allege that Cox was Hale's supervisor, that Hale violated the same rule as Johnson, or that they were otherwise similarly situated in any way other than that they were both AFGE employees who violated an AFGE policy—but different ones at that.  See AFGE Reply at 2–3 ("The Hale allegations are about a person never mentioned in the SAC; involve misconduct different than any alleged in the SAC; and . . . nowhere in her 5AC or brief does Johnson make any effort to show that Defendant Cox was the decisionmaker with regard to Hale.").  Given those pleading deficiencies, the Hale allegations can only serve the purpose of advancing a pattern-and-practice discrimination claim against AFGE—a claim the Court has already denied—which also violates the Court's January 2023 Order.  Doe #1, 2023 WL 22059, at *6 (ordering that the 5AC "shall not include any other allegations nor prayers for relief that are

not properly awardable on an individual racial discrimination claim"). Thus, the Hale allegations in paragraphs 86, 88–89, and 91–97 of the 5AC directly violate the Court's Orders because they are new, unpermitted allegations that do not directly support Johnson's sole-surviving claim.

**B. Allegations Not in SAC ¶¶ 656–84**

In addition to the Hale allegations, AFGE points to other allegations in the 5AC that are not contained in the particular part of the SAC—paragraphs 656–84—that the Court ordered all the allegations in the 5AC should be drawn from. Namely, AFGE points to paragraphs 16–24, 31–32, 70–71, 81, 86–87, and 105–06, which discuss the "'long history of racial discrimination' at AFGE[,] [Johnson's] 2015 EEOC complaint, and the anti-discrimination training that followed that complaint," AFGE Mot. at 7 (quoting 5AC ¶ 16), all of which it argues violates the Court's January 2023 Order because the allegations come from parts of the SAC other than the section specified by the Court and also because they are irrelevant to Johnson's individual discrimination claim in any event, id.

Specifically, AFGE notes that Johnson's 2015 EEOC complaint "alleged racial and religious discrimination by two AFGE employees who have never been defendants in this case," which has no bearing on Cox's alleged discrimination against her, and neither does the resultant EEOC anti-discrimination training. AFGE Mot. at 7. AFGE also points to paragraphs 16, 31–32, 70–71, and 86–87 of the 5AC, which reference "AFGE National Secretary Treasurer Eugene Hudson, Jr., who is not a party to this case, and whose claims regarding those allegations have been and are being litigated in several other cases in which Johnson's counsel represents Hudson." Id. at 8.

Johnson does not directly respond to AFGE's arguments as to why these allegations violate the Court's Orders. Instead, she—through her counsel, Marlene Morten—continues to

demonstrate a fundamental misunderstanding of this Court's Orders through statements such as: "To establish [Johnson's] claim that AFGE treated Caucasian officers more favorably than former NST Eugene Hudson, Jr., in the Fifth Amended Complaint Ms. Johnson simply added Don Hale to the list of Caucasian officers (Cox and McCubbin) whom AFGE treated more favorably than Mr. Hudson." Johnson Opp'n at 6 (emphasis added). Johnson seemingly suggests here (perhaps unwittingly) that she is trying to expand her individual claim for racial discrimination to encompass alleged racial discrimination against Hudson, who is not a party to this case and never has been, in clear violation of the Court's numerous decisions.

Accordingly, the Court agrees with defendants that the allegations in paragraphs 16–24, 31–32, 70–71, 81, 86–87, and 105–06 of the 5AC, which discuss Johnson's 2015 EEOC complaint and the resulting EEOC anti-discrimination training, and in 16, 31–32, 70–71, and 86–87, which discuss Hudson's separate racial discrimination suit, both violate the Court's Orders and are not relevant to Johnson's § 1981 wrongful termination claim.

### C. Other Irrelevant Allegations

Finally, AFGE points to yet more allegations in the 5AC that, despite being referenced in SAC paragraphs 656–84, are nonetheless unrelated to Johnson's § 1981 wrongful termination claim: those in paragraphs 14, 33–52, 55, 72, 75–85, 90, 98–100, 103–04, and 107. See AFGE Mot. at 8–9. Those allegations include discussion of other employees who, AFGE argues, could not be valid comparators because Cox was not the decisionmaker with respect to the employment actions taken against them. Id. at 9. AFGE acknowledges, however, that "several of these allegations were included in the Johnson wrongful termination section of the SAC." Id. And the Court plainly stated that allegations in the wrongful termination section of the SAC were properly brought in the 5AC. Doe #1, 2023 WL 22059, at *6. While the Court agrees with AFGE that the

allegations are, upon further review, likely irrelevant to Johnson's wrongful termination claim, it will not penalize Johnson for including them in her 5AC given that the Court expressly allowed her to do so.

*     *     *

The Court will accordingly exercise its inherent authority to strike those paragraphs of Johnson's 5AC that are noncompliant with the Court's Order, namely paragraphs 16–24, 31–32, 70–71, 81, 86–89, 91–97, and 105–06.

## II.    Motions to Dismiss

Defendants ask the Court to take the further step of dismissing whatever remains of Johnson's sole-surviving § 1981 wrongful termination claim in the 5AC under Federal Rule of Civil Procedure 41(b).  See AFGE Mot. at 10.  A court has the inherent authority to "dismiss a case . . . for a plaintiff's failure to . . . comply with a court order."  Holston v. Vance-Cooks, Civ. A. No. 12-1546 (KBJ), 2013 WL 5912475, at *1 (D.D.C. Nov. 5, 2013) (quoting Angelino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012)).  Rule 41(b) also authorizes a court to dismiss an action for failure to comply with a court order.  A court has discretion when deciding whether to dismiss a case under Rule 41(b), see Keys v. Wash. Metro. Area Transit Auth., 523 F. App'x 727, 728 (D.C. Cir. 2013), and "[a]lthough 'dismissal may be an unduly severe sanction for a single episode of misconduct,' a court acts properly in dismissing a case 'when lesser sanctions would not serve the interest of justice,'" Allen v. United States, 277 F.R.D. 221, 223 (D.D.C. 2011) (quoting Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C. Cir. 1990)).

Although the Court has twice declined to exercise its authority to dismiss Johnson's case under Rule 41(b), it will exercise that authority now.  As the Court has noted before, it is loath to resolve a claim on procedural grounds rather than on the merits.  See Ciralsky v. C.I.A., 355 F.3d

11

661, 674 (D.C. Cir. 2004) ("[O]ther things being equal, our jurisprudential preference is for adjudication of cases on their merits rather than on the basis of formalities." (cleaned up)). However, Johnson—through her counsel—has left the Court no choice but to dismiss her single remaining claim against defendants.  She has time and again demonstrated what can only be described as disrespect and disregard for the Court's orders.  To fully understand the breadth and import of the misconduct, one need not look further than the fact that this case is nearly three years old and still does not have an operative complaint.  Much of this delay is due to counsel's flagrant transgressions.  To briefly recap, the Court has now stricken three of Johnson's complaints, has sanctioned Morten for her conduct related to one set of those amended complaints, and has twice before considered taking the drastic action of dismissing Johnson's case due to this pattern of misconduct but has refrained from doing so (although it would have been appropriate) in order to allow two more chances to get this litigation on track.[3]  Even after the Court handed her second and third chances, Johnson's counsel remains unable—or, more concerningly, unwilling—to heed the Court's warnings and, in doing so, has failed to follow the Court's orders and litigate Johnson's claim in an appropriate manner.  The Court finds it has no choice but to follow through on its most recent warning that "[a]ny further violation of this Court's Orders will result in dismissal of Johnson's [§ 1981 claim] with prejudice," Doe #1, 2023 WL 22059, at *6, and will accordingly—and regrettably—do so now.

*     *     *

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

---

[3] The docket is replete with further evidence of the Court's consistent patience with counsel's exceptional delays; for example, she has made over twenty requests to extend filing deadlines, and the Court has granted nearly all of them.

**ORDERED** that [162] AFGE's motion to strike Johnson's fifth amended complaint and to dismiss her § 1981 claim against AFGE with prejudice and [164] Cox's motion to strike Johnson's fifth amended complaint and to dismiss her § 1981 claim against Cox with prejudice are **GRANTED**; it is further

**ORDERED** that paragraphs 16–24, 31–32, 70–71, 81, 86–89, 91–97, and 105–06 shall be **STRICKEN** from [150] Johnson's fifth amended complaint; and it is further

**ORDERED** that [150] Johnson's fifth amended complaint is **DISMISSED** with prejudice. Johnson therefore has no live claims remaining in the case.

**SO ORDERED.**

/s/
_____
JOHN D. BATES
United States District Judge

Dated:  <u>April 20, 2023</u>